UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV-10-141-B-W ) ) |
| KATAHDIN COMMUNICATIONS, INC., *et al.*, | ) ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

KeyBank National Association (KeyBank) moves to remand its state law claims against Katahdin Communications, Inc. and James Talbott (collectively Katahdin), and Mary Ellen Talbott.[1] KeyBank argues that Katahdin improperly removed the case on the basis of its federal RICO counterclaim and that, even if removal was proper, Katahdin neither filed timely notice of removal nor obtained the required consent. Because a counterclaim cannot serve as the basis of federal "arising under" jurisdiction, the Court grants KeyBank's motion.[2] Although it is a close case, the Court declines KeyBank's request for costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c).

**I.   STATEMENT OF FACTS**

On July 31, 2009, KeyBank filed a Complaint in Maine Superior Court, alleging default on a commercial promissory note executed by Katahdin Communications, Inc. and default on two commercial guaranty agreements executed by James Talbott and Mary Ellen Talbott.

---
[1] James Talbott, one of the Defendants, is also an attorney and has entered his appearance on his own behalf and on behalf of Katahdin; Mary Ellen Talbott is representing herself.
[2] The Court does not reach the notice and consent issues argued by the parties.

*Compl.* Attach. 1 at 2-4 (Docket # 13).³ On April 12, 2010, Katahdin answered the Complaint and counterclaimed, alleging lack of standing, two violations of the Racketeer Influence and Corrupt Organizations Act (RICO), and breach of the implied covenant of good faith and fair dealing. *Katahdin Communications, Inc.'s Answer, Counterclaim and Third Party Claim* (Docket # 4). On April 15, 2010, Katahdin removed the proceedings, claiming that this Court has jurisdiction under 28 U.S.C. § 1441(b) because its RICO counterclaim is a claim arising under the laws of the United States. *Notice of Removal* (Docket # 1). On May 4, 2010, KeyBank moved to remand and requested costs and expenses incurred as a result of Katahdin's removal. *Pl.'s Mot. to Remand* (Docket # 25) (*Pl.'s Mot.*). On May 10, 2010, Katahdin responded, and on May 24, 2010, KeyBank replied. *Katahdin's Resp. to Mot. to Remand* (Docket # 26) (*Katahdin's Resp.*); *Pl.'s Reply to Resp. to Mot. to Remand* (Docket # 27) (*Pl.'s Reply*).

## II. DISCUSSION

### A. Motion to Remand

#### 1. Legal Standard

Although "the jurisdiction of the state courts is general . . . the jurisdiction of the federal courts is [limited]," and federal jurisdiction has long operated as "an exception from the general jurisdiction of the state courts." *Turner v. Bank of N. Am.*, 4 U.S. 8, 8 (1799). As neither party asserts diversity of citizenship, the jurisdiction of the Court is only available if the "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An entire action initiated in state court is removable by a defendant "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . is

---

³ The Court refers to the state court filing dates. The docket citations reference the federal docket number given to the state court filings, and as a result, the docket numbers do not reflect the chronological order of the state court filings.

joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c). Removal statutes are "strictly construed." *Danca v. Private Healthcare Sys. Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). The defendant has "the burden of showing the federal court's jurisdiction." *Id*. at 4.

The well-pleaded complaint rule is the governing standard regarding whether a case "arises under" federal law pursuant to § 1331. *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-128 (1974) (per curiam) (stating generally that the federal question "must be disclosed upon the face of the complaint"); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 11 n.9 (1983) (applying the rule to both the Court's original jurisdiction under § 1331 as well as to its removal jurisdiction). The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added). In other words, federal jurisdiction cannot "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, ___U.S.___, 129 S. Ct. 1262, 1272 (2009); *see also Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) (explaining that "§ 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them"); *Rafter v. Stevenson*, 680 F. Supp. 2d 275, 279 (D. Me. 2010) (stating that "[a]n actual or anticipated counterclaim sounding in federal law . . . cannot create federal jurisdiction"). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" to the appropriate state court. 28 U.S.C. § 1447(c) (emphasis added).

## 2. Jurisdiction over Katahdin's Counterclaim

Katahdin asserts that the Court has original jurisdiction under § 1331 based on its federal RICO counterclaim. *Notice of Removal* at 2. To avoid the rule that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim," *Vaden*, 129 S. Ct. at 1272, Katahdin describes its federal RICO causes of action as "independent claims and not a counterclaim." *Katahdin's Resp.* at 4.[4] However, even if Katahdin's RICO claims could be legally characterized as "separate and independent" claims, which they are not, Katahdin cannot remove them. In asserting causes of action against KeyBank, Katahdin is functionally positioned as the "plaintiff" in regard to these claims. *Merchants' Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 289 (1907) (stating that "by setting up its counterclaim the defendant became a plaintiff in its turn"). Katahdin, therefore, cannot avail itself of § 1441: either Katahdin is asserting a counterclaim, which cannot form the basis of "arising under" jurisdiction, or it is asserting an independent claim, in which case it is the plaintiff and cannot remove. 28 U.S.C. § 1441(a) (civil actions "may be removed by the *defendant or defendants*") (emphasis added); *Ballard's Serv. Ctr., Inc.*, 865 F.2d at 449 (removal authorized "only by defendants"). Even if Katahdin could bring its RICO claim as a separate case in federal court, it cannot create federal jurisdiction on the basis of its RICO counterclaim alone. *See UTrue, Inc. v. Page One Science, Inc.*, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006) (holding that a RICO counterclaim to a breach of contract action was not removable to federal district court).

In the alternative, Katahdin asks that "if this court decides to remand this action, Katahdin requests that the federal claims be dismissed without prejudice." *Katahdin's Resp.* at 2. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Because the Court does not have jurisdiction, the Court

---

[4] Despite this argument, Katahdin repeatedly refers to its RICO claims as counterclaims.

cannot rule on Katahdin's motion to dismiss. *Armstrong v. Armstrong*, 508 F.2d 348, 350 (1st Cir. 1974) (stating that "the district court's conclusion that the action may not be entertained in a federal forum . . . should have dictated a remand to the state court rather than a dismissal"); *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dept. of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) (stating that "the literal words of [§ 1447(c)], saying that the case 'shall' (not 'may') be remanded, require the court to remand the case").[5]

### B.     Request for Costs and Expenses

Section 1447(c) provides:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). Pursuant to this section, KeyBank demanded a court order requiring Katahdin to pay its costs and expenses, including attorney's fees. *Pl.'s Mot.* at 4-5. Whether to issue a § 1447(c) award rests within the Court's discretion. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005); *Net 2 Press, Inc., v. Nat'l Graphic Supply Corp.*, 324 F. Supp. 2d 15, 19 (D. Me. 2004). The Court's exercise of its discretion is guided through an inquiry into whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. In other words, it is "appropriate to make such an award when removal was obviously improper." *Net 2 Press*, 324 F. Supp. 2d. at 19; *State of Maine v. Data Gen. Corp.*, 697 F. Supp. 23, 26 (D. Me. 1988) (denying costs because "it was not obvious that removal was improper"). Bad faith, however, is not required for a fee assessment for improvident removal. *Net 2 Press*, 324 F. Supp. 2d. at 19.

A fundamental question is whether the "legal principles on which this case turns are established and clear." *Rafter*, 680 F. Supp. 2d at 281. It has been true since 1908 that "a suit

---

[5] Katahdin does not contend that federal courts have exclusive jurisdiction over civil RICO. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims).

arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Until 2002, however, the Supreme Court had only directly addressed whether "a federal defense, rather than a federal counterclaim, can establish 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). In *Holmes Group*, the Supreme Court clarified that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id. Holmes Group*, however, was a patent law case and interpreted 28 U.S.C. § 1338(a), the patent law analogue to 28 U.S.C. § 1331. *Id.* at 829-30. It is true that the jurisdictional language in § 1331 and § 1338(a) is identical and that *Holmes Group* all but held that the same principle applied to § 1331. *Id.* (stating that "'linguistic consistency' requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331") (quoting *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 808 (1988)). However, there was no express holding by the Supreme Court or by the First Circuit that forbade removal based on a federal counterclaim under § 1331 until the Supreme Court issued *Vaden. CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 513 F.3d 271, 272 n.1 (1st Cir. 2008) (stating "[b]ecause the district court's jurisdiction under section 1338 is determined by application of the well-pleaded complaint rule, the fact that a counterclaim or defense is based on patent law is not sufficient to confer jurisdiction under that section").

On March 9, 2009, this time addressing § 1331, the Supreme Court resolved all lingering doubt: "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. We so ruled, emphatically, in *Holmes Group*." *Vaden*, 129 S. Ct. at 1272 (citation omitted). Although by the time Mr. Talbott filed the notice of removal, the First Circuit had not addressed *Vaden*,

6

Judge Hornby of this District had done so. On January 28, 2010, he wrote that "[a]n actual or anticipated counterclaim sounding in federal law . . . cannot create federal jurisdiction." *Rafter*, 680 F. Supp. 2d at 279; *see* C.A. Wright, A.R. Miller, E.H. Cooper & J.E. Steinman, Federal Practice and Procedure § 3730 (4th ed. 2009) ("Wright & Miller") (explaining that "defendants may only remove on the basis of claims brought against them and not on the basis of counterclaims").

In the face of *Vaden* and *Rafter*, Mr. Talbott filed his notice of removal on April 15, 2010. By then, the *Vaden* rule had become "established and clear." *Rafter*, 680 F. Supp. 2d. at 281. Yet in the Notice of Removal, Mr. Talbott set forth an erroneous basis for federal jurisdiction:

> The Federal Courts have jurisdiction over this action pursuant to 28 U.S.C. § 1441(b) and (c) *as Defendant Katahdin Communications, Inc.'s counterclaim is an independent and separate cause of action under which the district courts have original jurisdiction over in accordance with 28 U.S.C. § 1331*.

*Notice of Removal* at 2 (emphasis added). Mr. Talbott's apparent ignorance of *Vaden* and *Rafter* would be more excusable if, once KeyBank moved to remand, he had reviewed its memorandum and consented to the motion. Instead, in the face of a memorandum that cited both Wright & Miller and *Rafter*, Mr. Talbott continued to insist that Katahdin's counterclaim is an independent cause of action and provides the basis for federal jurisdiction. *Katahdin's Resp.* at 2.

Katahdin has not identified an objectively reasonable basis or, for that matter, any support for its counterclaim removal argument. *Crawford by Crawford v. Hosp. of Albert Einstein Coll. of Med.*, the only meaningful case cited by Katahdin, discusses whether it is proper for a fourth-party or cross-claim defendant to remove a case on the basis of diversity of

citizenship. 647 F. Supp. 843, 844 (S.D.N.Y. 1986).[6] Katahdin, however, is neither a third- or fourth-party nor a cross-claim defendant, and the third- and fourth-party defendants in *Crawford* were not allowed to remove the case. *Id.* at 846.

This is not an ambiguous case: *Vadan* unequivocally states that a counterclaim cannot provide the basis for federal question jurisdiction. Katahdin has not brought to the Court's attention, and the Court is not aware of, any case which supports Katahdin's theory of removal. Thus, this is not a case where "the defendant's removal argument and position are fairly supportable or, at a minimum, at least worthy of judicial consideration in an area where the interpretation of a new law may be said to be 'less than clear.'" *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 592 F. Supp. 2d 146, 148 (D. Me. 2008) (quoting *In re Me. Asbestos Cases*, 44 F. Supp. 2d 368, 374 (D. Me. 1999)).

All of this makes the decision as to whether to award costs and attorney's fees and expenses under § 1447(c) a particularly close one. Based on its review of the case law, the Court would be acting well within its discretion in awarding a § 1447(c) sanction. However, such an award remains discretionary. Here, though Mr. Talbott should have known better, the Court will not sanction him or his client for assuming and maintaining an ill-supported legal position. At the same time, the Court places Mr. Talbott on notice in this and other cases that this type of conduct could well be subject to sanction. *See Williamsburg Plantation, Inc. v. Bluegreen Corp*, Civil Action No. 4:06cv102, 2007 U.S. Dist. LEXIS 8382, at *9-10 (E.D. Va. 2007) (finding a defendant's decision to remove based on a counterclaim not objectively reasonable).

The Court declines to award KeyBank its costs, including attorney's fees and expenses.

---

[6] *Knowles v. Am. Tempering Inc.*, 629 F. Supp. 832 (E.D. Pa. 1985) discusses whether a state complaint contains a separate and independent federal claim and has no discussion of counterclaims by a defendant.

### III. CONCLUSION

The Court GRANTS KeyBank's Motion to Remand (Docket #25), but DENIES its motion for costs, and attorney's fees and expenses.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2010